FILED
United States Court of Appeals
Tenth Circuit

January 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERALD PATRICK RICO,

Defendant-Appellant.

No. 13-4170
(D.C. No. 2:13-CR-00714-TC-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Gerald Patrick Rico, who is charged with one count of bank robbery in

violation of 18 U.S.C. § 2113(a), appeals from the district court's denial of pre-trial

release. After holding a hearing, a magistrate judge ordered that Mr. Rico be

released upon conditions. She stayed her order to allow the government to seek

review by the district court. The district court held a second hearing and denied

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release, determining that no condition or combination of conditions will reasonably assure Mr. Rico's appearance as required.  *See* 18 U.S.C. § 3142(e)-(g).  Exercising jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291, we affirm.

Under the Bail Reform Act, if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e)(1).  The burden of proof regarding detention rests on the government:  it "must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence."  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

The Bail Reform Act directs courts to evaluate several factors when considering flight risk and dangerousness, including "the nature and circumstances of the offense charged," "the weight of the evidence against the person," and "the history and characteristics of the person," such as "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."  18 U.S.C. § 3142(g).  The district court concluded that there is no rebuttable presumption in favor of detention pending trial in this case, *see id.* § 3142(e)(2), and the parties do not take issue with that determination.

The district court found that Mr. Rico presents an unmanageable flight risk based on several factors:

> [T]he court finds that Mr. Rico has a history of drug and alcohol abuse, is deeply in debt due to medical bills, has no strong family ties, is in arrears on his child support payments, and is unemployed with no financial resources. Moreover, Mr. Rico has a lengthy criminal history involving domestic violence, illegal drug use, violation of a protective order and two recent failures to appear.

Aplt. App. at 8. "We apply de novo review to mixed questions of law and fact concerning the detention . . . decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Cisneros*, 328 F.3d at 613. The parties do not challenge the district court's factual findings, so our review is de novo.

As shown by the parties' differing interpretations of the undisputed facts, this is a close case. But contrary to Mr. Rico's arguments on appeal, the factors cited by the district court are relevant to evaluating whether he is an unmanageable flight risk. And although Mr. Rico naturally prefers to highlight the positive aspects of the facts, undeniably they also carry significant negative weight. Under these circumstances, the district court did not err in concluding that the government met its burden of showing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Mr. Rico's appearance as required.

The district court's decision to detain Mr. Rico pending trial is affirmed.

Entered for the Court
Per Curiam

- 3 -